Ronald S. Kravitz (SBN 129704)
MILLER SHAH LLP
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com

D. Joshua Staub (SBN 170568)
LAW OFFICE OF D. JOSHUA STAUB
13015 Washington Blvd.
Los Angeles, CA 90066
Telephone: (310) 929-5269
Fascimile: (213) 816-1932
Email: josh@djoshuastaub.com

*Attorneys for Plaintiff Lance Baird and the Putative Class*

Sam Schwartz-Fenwick (admitted PHV)
**Seyfarth Shaw LLP**
233 S Wacker Dr # 8000,
Chicago, IL 60606
Telephone: (312)-460-5948
Facsimile: (312):460-7948
Email: sschwartz-fenwick@seyfarth.com

Eric W. May
**Seyfarth Shaw LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
Email: EMay@seyfarth.com

*Attorneys for Defendants*

PLAINTIFF'S NOTICE OF AND UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT APPROVAL OF CLASS NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 2:22-CV-01620-DSF-(Ex)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BAIRD, individually, and on behalf of all others similarly situated, and on behalf of the HYATT CORPORATION RETIREMENT SAVINGS PLAN,<br><br>            Plaintiff(s),<br><br>  v.<br><br>HYATT CORPORATION; BENEFITS COMMITTEE and its members,<br><br>            Defendants. | Case No.: 2:22-cv-01620-DSF(Ex)<br><br>**PLAINTIFF'S NOTICE OF AND UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, JOINT MODIFICATION OF CLASS DEFINITION, AND APPROVAL OF CLASS NOTICE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:  December 18, 2023<br>TIME:   1:30 PM<br>DEPT.:  Courtroom 7D<br>JUDGE: Hon. Dale S. Fischer<br><br>Complaint Filed: March 10, 2022 |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.............................4

I.    INTRODUCTION AND PROCEDURAL HISTORY..................4

   A.    The Parties...............................................................4

   B.    Plaintiff's Allegations...............................................4

   C.    Discovery Efforts......................................................4

   D.    Mediation.................................................................5

   E.    Settlement Terms......................................................6

   F.    The Independent Fiduciary Approved the Settlement.........6

   G.    Settlement Administration Costs ...................................7

   H.    Plaintiff's Initial Motion for Preliminary Approval.............7

II.    THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23 ................................................7

   A.    The Settlement Class Is Sufficiently Numerous................17

   B.    There are Common Questions of Law and Fact..................18

   C.    The Representative Plaintiff's Claims Are Typical.............19

   D.    The Representative Plaintiff Has Fairly And Adequately Protected The Interests Of The Settlement Class..............22

   E.    The Proposed Class Satisfies Rule 23(b)(1)'s Requirements

III.    THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL........................................................13

   A.    Adequate Representation by Class Representative and Class Counsel...................................................................17

   B.    Arm's-Length Negotiations ..............................................18

   C.    Adequate Relief for the Class...........................................19

i

D.   *Churchill* Factors and Fear of Collusion ............................ 11

IV.   THIS COURT SHOULD APPOINT PLAINTIFF'S COUNSEL
      AS CLASS COUNSEL ................................................................. 24

V.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE
      ................................................................................................. 248

VI.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE
      ................................................................................................. 259

      A.   The Proposed Methods For Providing Notice Meet The
           Requirements For Approval ................................................. 25

      B.   The Proposed Content Of The Notice Meets The
           Requirements For Approval ................................................. 25

VII.   CONCLUSION ........................................................................... 27

CERTIFICATE OF SERVICE ............................................................... 29

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Cases</u>

*Alaniz v. California Processors, Inc.,*
  73 F.R.D. 269 (N.D. Cal. 1976) ....................................................................17

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ..............................................................................................8

*Bayat v. Bank of the West,*
  2015 WL 17443542, at *7 (N.D. Cal. Apr. 15, 2015) ...........................23

*Bower v. Cycle Gear, Inc.,*
  2016 WL 4439875 (N.D. Cal. Aug. 23, 2016) ........................................19

*Brown v. Brewer,*
  2012 WL 12882380 (C.D. Cal. Jan. 18, 2012).......................................20

*Butler v. Home Depot, Inc.,*
  1996 WL 421436 (N.D. Cal. Jan. 25, 1996)...........................................12

*Chao v. Aurora Loan Servs., LLC,*
  2014 WL 4421308 (N.D. Cal. Sept. 5, 2014) .........................................26

*Ching v. Siemens Indus., Inc.,*
  2014 WL 2926210 (N.D. Cal. June 27, 2014).........................................21

*Churchill Vill., LLC v. Gen. Elec.,*
  361 F.3d 566 (9th Cir. 2004)...........................................................13, 16

*Cryer v. Franklin Templeton Ress., Inc.,*
  2017 WL 4023149 (N.D. Cal. July 26, 2017)............................................9

*Glass v. UBS Fin. Serv., Inc.,*
  2007 WL 221862 (N.D. Cal. Jan. 26, 2007)...........................................21

*Grannan v. Alliant Law Grp., P.C.,*
  2012 WL 216522 (N.D. Cal. Jan. 24, 2019).........................................25

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1995) ....................................................................11

*Harris v. Vector Mktg. Corp.*,
   2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)...........................................18

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) .......................................................................14

*In re Activision Sec. Litig.*,
   723 F.Supp. 1373 (N.D. Cal. 1989).........................................................22

*In re Bluetooth Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011)..............................................................16, 23

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod.
   Liab. Litig.*,
   2019 WL 536661 (N.D. Cal. Feb. 11, 2019)..............................................8

*In re Diasonics Securities Litig.*,
   599 F.Supp. 447 (N.D. Cal. 1984)............................................................9

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   2013 WL 12333442 (N.D. Cal. Jan. 8, 2013).............................................9

*In re Elec. Data Sys. Corp. ERISA Litig.*,
   224 F.R.D. 613 (E.D.Tex.2004) ...............................................................13

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
   2011 WL 5244707 (S.D.N.Y. Nov. 2, 2011) ............................................20

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y.2004) ...............................................................13

*In re MyFord Touch Consumer Litig.*,
   2019 WL 1411510 (N.D. Cal. Mar. 28, 2019)..........................................16

*In re Northrop Grumman Corp. ERISA Litig.*,
   2011 WL 3505264 (C.D. Cal. Mar. 29, 2011) .....................................10, 11

*In re NVIDIA Corp. Derivative Litig.*,
   2008 WL 5382544 (N.D. Cal. Dec. 22, 2008).........................................13

*In re Omnivision Techs., Inc.*,
   559 F.Supp. 2d 1036 (N.D. Cal. 2008)...........................................20, 23

*In re Pacific Enters. Sec. Litig.*,
   47 F.3d ....................................................................................22

*Kanawi v. Bechtel Corp.*,
   254 F.R.D. 102 (N.D. Cal. 2008) ...................................................9

*Keele v. Wexler*,
   149 F.3d 589 (9th Cir. 1998).........................................................11

*Linney v. Cellular Alaska P'Ship*,
   1997 WL 450064 (N.D. Cal. July 18, 1997).................................22

*Litty v. Merrill Lynch & Co., Inc.*,
   2015 WL 4698475 (C.D. Cal. Apr. 27, 2015) .............................14

*Mehling v. New York Life Ins. Co.*,
   246 F.R.D. 467 (E.D. Pa. 2007)...................................................13

*Mendoza v. Tucson Sch. Dist. No.*,
   623 F.2d 1338 (9th Cir.1980)........................................................26

*Miletak v. Allstate Ins. Co.*, No. C,
   2010 WL 809579..........................................................................9

*MWS Wire Indus., Inc. v. California Fine Wire Co.*,
   797 F.2d 799 (9th Cir.1986) ........................................................13

*Narouz v. Charter Commc'ns, LLC*,
   591 F.3d 1261 (9th Cir.2010)......................................................14

*Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc.*,
   303 F.R.D. 337 (E.D. Cal. 2014) ..............................................14

*Rieckborn v. Velti PLC*,
　2015 WL 468329 (N.D. Cal. Feb. 3, 2015)................................................20

*Rodriguez v. Hayes*,
　591 F.3d 1105 (9th Cir. 2010) ...................................................................9

*Satchell v. Fed. Express Corp.*,
　2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).........................................18

*Scott v. United States Auto. Ass'n*,
　2013 WL 1225170 (W.D. Wash. Jan. 7, 2013) ......................................15

*Stewart v. Abraham*,
　275 F.3d 220 (3d Cir. 2001) ......................................................................8

*Tibble v. Edison Intern.*,
　2009 WL 6764541 (C.D. Cal. June 30, 2009) .........................................9

*Vandervort v. Balboa Capital Corp.*,
　8 F.Supp. 3d 1200 (C.D. Cal. 2014) ......................................................21

*Vasquez v. Coast Valley Roofing, Inc.*,
　266 F.R.D. 482 (E.D. Cal. 2010) .............................................................21

*Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*,
　229 F.Supp. 3d 1052 (N.D. Cal. 2017)...................................................16

*Wal-Mart Stores, Inc. v. Dukes*,
　564 U.S. 338 (2011)..................................................................................17

*Williams v. First Nat'l Bank*,
　216 U.S. 582 (1910).................................................................................13

*Wright v. Linkus Enters.*,
　259 F.R.D. 468 (E.D. Cal. 2009) ............................................................14

# **Rules**

Fed. R. Civ. P. 23(a)(4) ................................................................11
Fed. R. Civ. P. 23(e)(1)(B)(i) ......................................................14
Fed. R. Civ. P. 23(e)(1)(B)(ii), and (2) ........................................8
Fed. R. Civ. P. 23(e)(2)(A) .........................................................18
Fed. R. Civ. P. 23(e)(2)(C)(ii) ....................................................19
Fed. R. Civ. P. 23(g)(1)(A) .........................................................24
Fed. R. Civ. P. 23(e)(2)(B) .........................................................19
Federal Rule of Civil Procedure 23 .....................................Passim
Federal Rule of Civil Procedure 23(e) .................................Passim
Rule 23(a) ...............................................................8, 9, 10, 11
Rule 23(a)(3) ...............................................................................11
Rule 23(b) .....................................................................................8
Rule 23(b)(1) ............................................................1, 7, 12, 13
Rule 23(b)(1) or (2) ....................................................................13
Rule 23(c)(1)(B) ..........................................................................24
Rule 23(c)(2) ...............................................................................25
Rule 23(c)(2)(A) ............................................................25, 26, 27
Rule 23(c), Rule 23(e) ................................................................25
Rule 23(e)(1) ..................................................................25, 27
Rule 23(e)(1)(B)(i–ii) ..................................................................15
Rule 23(e)(2) ..................................................................15, 17, 22
Rule 23(e)(2)(C) ..........................................................................19
Rule 23(e)(3); and (D) ................................................................19
Rule 23(g) ...................................................................................24

# **Other Authorities**

Manual for Complex Litigation (Fourth) § 21.61 (4th ed. 2004) ............14
Manual for Complex Litigation (Fourth) § 30.41 (1995) ........................15
Manual for Complex Litigation § 21.632 (4th ed. 2004) ..........................8

## <u>NOTICE OF MOTION AND MOTION</u>

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS FO RECORD:

PLEASE TAKE NOTICE that Plaintiff Lance Baird, individually, on behalf of the proposed Settlement Class ("Plaintiff"), will and hereby does move the Court to grant Plaintiff's Unopposed Amended Motion for Preliminary Approval of Class Action Settlement ("Motion").

Defendants Hyatt Corporation ("Hyatt") and the Hyatt Corporation Benefits Committee (previously identified incorrectly as Benefits Committee) ("Committee") are collectively referred to herein as the "Hyatt Defendants."

The Hyatt Defendants do not oppose this Motion.

The hearing on this Motion will be held on December 18, 2023 at 1:30 p.m. in the Courtroom of the Honorable Dale S. Fischer, located at the United States District Court for the Central District of California, First Street Courthouse, located at 350 West 1st Street, Courtroom 7D, Los Angeles, CA 90012.

Plaintiff brings this Motion pursuant to Federal Rule of Civil Procedure 23(e) and seeks an Order granting this Motion.

The Motion is based on this Notice of Motion and Motion; the Supporting Memorandum of Points and Authorities; the attached Declaration of Ronald S. Kravitz (including supporting exhibits) ("Kravitz Decl."); the pleadings, records, and papers on file in this action; and all other matter properly before this Court.

Plaintiff moves for the Court to enter an Order granting:

    a) class certification of the following proposed settlement class under Rule 23(b)(1): All current and former participants of the Hyatt Corporation Retirement

Savings Plan (the "Plan") who are located in California, Illinois, and New York, receive the full value of their credit card tips outside of their regular paycheck and had a deferral election for the Plan in place at the time they received the reported tips from March 10, 2016 through the date of the Preliminary Approval Order ("Class Period"). Excluded from the Class are members of the Committee;

b) approval of the proposed settlement as fair, reasonable, and adequate;

c) approval of the notice to be disseminated to settlement class members in the form and manner proposed by the Plaintiff and the Hyatt Defendants (the "Parties") as set forth in the Second Amended Settlement Agreement and exhibits thereto;

d) appointment of Strategic Claims Services to serve as the Settlement Administrator;

e) set the request for deadlines for class notice to be sent, exclusion, and objection deadlines, and a hearing date and schedule for final approval of the Settlement and consideration of Class Counsel's fee application and the class representative's case contribution award;

f) the setting of a Fairness Hearing by no later than 120 calendar days after the date the Motion for Entry of the Preliminary Order is approved;

g) leave for Class Counsel to file a motion for Final Approval of the Settlement and for awards of Attorneys' Fees and Class Representative's Case Contribution Award at least 45 days prior to the

Fairness Hearing;

h) that any objections or supporting documents be submitted to the Settlement Administrator at least 30 days prior to the scheduled Fairness Hearing; and

i) leave for Class Counsel to submit to the Court a mutually agreed upon motion for entry of the Final Approval Order by no later than 10 business days before the Fairness Hearing.

Dated: November 17, 2023

*/s/ Ronald S. Kravitz*
Ronald S. Kravitz
MILLER SHAH LLP
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
mail: rskravitz@millershah.com

*Attorney for Plaintiff and the Putative Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND PROCEDURAL HISTORY

#### A.    The Parties

Plaintiff Lance Baird ("**Plaintiff**") commenced this action on March 10, 2022, against Defendant Hyatt Corporation ("**Hyatt**") and the Hyatt Corporation Benefits Committee (previously identified incorrectly as Benefits Committee) ("**Committee**").

Hyatt and the Committee are collectively referred to herein as the "Hyatt Defendants."

The Hyatt Defendants, and Plaintiff are collectively referred to herein as the "Parties".

#### B.    Plaintiff's Allegations

In the operative Complaint, Plaintiff alleges, *inter alia*, that the Hyatt Defendants breached their fiduciary obligations by excluding tipped income from the income eligible for deferral to the Hyatt Corporation Retirement Savings Plan (the "**Plan**"), when the Plan defines tips as income subject to deferral. Plaintiff asserts that the exclusion of credit-card tipped income is "mandated" at all Hyatt locations, and that the failure to defer credit card-tipped income harmed participants by causing under-contribution to their 401(k) accounts (the "missed deferral opportunities").

Plaintiff also asserts that, in contravention of ERISA Section 510, the Hyatt Defendants intentionally discriminated against those classes of employees who received tipped income by denying them the right to defer such income.

The Hyatt Defendants deny all of the Plaintiff's allegations.

#### C.    Discovery Efforts

Shortly after the filing of the Complaint, Plaintiff and the Hyatt Defendants agreed to stay the case to narrow the issues in dispute and

proceed to mediation.

Through the exchange of documents and information, the Parties were able to agree that the Hyatt Defendants' practice of having employees' credit card-tipped earnings paid outside of their regular paycheck was limited to California and a few other locations that required the daily cash-out of tipped earnings under the applicable collective bargaining agreement or other established union practice and to narrow the dispute to the following issues:   1) the permissibility of Hyatt Defendants' prior practice of having  employees' credit card-tipped earnings excluded from deferral to the Plan in California and in a few other locations that required daily cash-outs of tipped earnings under the applicable  collective bargaining agreement or other established union practice; 2) whether the employees can be made whole by providing them with 50% of the missed deferrals and 100% of the missed match; and 3) whether the  amendment to the Plan effective February 1, 2022 resolved the missed deferral issue;  3) whether a three-or six-year "lookback period" applies; and 4) the proper rate of return on the alleged losses for the missed deferral opportunity.

## D.   Mediation

The Parties mediated the case with a well-respected neutral, Robert A. Meyer (JAMS), on multiple occasions, resulting in an understanding of the principal settlement terms on December 22, 2022.

The Parties were able to reach a settlement agreement on March 21, 2023 ("**Initial Settlement Agreement**") that was amended on June 30, 2023 **("Amended Settlement Agreement")** to clarify certain terms, and again amended on November 9, 2023 to address issues identified by the court on August 28, 2023 ("**Second Amended Settlement Agreement**").  *See* Declaration of Ronald S. Kravitz ("Kravitz Decl."), ¶ 4, Exhibit A [Initial Settlement Agreement], ¶ 5,

Exhibit B [Amended Settlement Agreement], and ¶ 6, Exhibit C [Second Amended Settlement Agreement].).

### E.    Settlement Terms

The Hyatt Defendants have agreed to pay a gross settlement amount of $1,475,000 to resolve Plaintiff's claims, inclusive of all claims for attorneys' fees and costs, as well as payment of Plaintiff's case contribution award for acting as class representative, and the costs of administering the Second Amended Settlement Agreement.

The amount paid to each current participant and authorized former participant in the Plan will be determined by a method of allocation that is based on the missed deferral opportunity of each class member during the relevant period.

Moreover, current Plan participants in the Plan do not need to do anything affirmative to receive payment under the Second Amended Settlement Agreement, as their accounts will automatically be credited with the amount due them under the Second Amended Settlement Agreement.  As to former Plan participants, they will receive a check.

### F.    The Independent Fiduciary Approved the Settlement

Pursuant to the terms of the Initial Settlement Agreement, the Parties submitted the Initial Settlement to Fiduciary Counselors, an independent fiduciary, on May 12, 2023 for review and approval of the terms of the proposed settlement pursuant to PTE 2003-39.

In response to issues raised by Fiduciary Counselors, the Parties entered into the Amended Settlement Agreement to modify the method of allocation defined in the Initial Settlement Agreement to harmonize with Fiduciary Counselors' observations and recommendations.  *See* Kravitz Decl., ¶4Exhibit B.

On June 26, 2023, the Parties received the report from Fiduciary Counselors *See* Kravitz Decl., ¶18, Exhibit D.

Based on Fiduciary Counselors' determinations about the Initial Settlement Agreement, Fiduciary Counselors approved its terms in accordance with PTE 2003-39; and provided its release in its capacity as a fiduciary of the Plan, for and on behalf of the Plan. Fiduciary Counselors affirmed that the amendment to the Plan effective February 1, 2022 resolved the dispute raised in this action prospectively.

### G.   Settlement Administration Costs

Class counsel obtained bids from three settlement administration companies. Kravitz Decl., ¶ 25. The bids included an estimate and a cap. See Kravitz Decl., ¶¶ 25-28. Strategic Claims Services ("SCS"), the proposed settlement administrator, agrees to cap the administration costs at $14,450. Kravitz Decl., ¶26 , Ex. E-1.

### H.   Plaintiff's Initial Motion for Preliminary Approval

On July 11, 2023, the Plaintiff filed a Motion for Preliminary Approval of the Settlement. Dkt. #43. During the hearing on August 28, 2023, the Court ordered that the Parties revise the documents and proposed order and ordered Defendant to pay for the CAFA notices and Plaintiff to obtain bids for the settlement administration and a cap for the total costs. On November 9, 2023, the parties entered into the Second Amended Settlement Agreement. (See Kravitz Decl., Exhibit C).

## II.   THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS OF RULE 23

Under Fed. R. Civ. P. 23(e), "claims, issues, or defenses of . . . a class proposed to be certified for purposes of settlement . . . may be settled . . . only with the court's approval."

Court approval of class action settlements under Rule 23(b)(1) occurs in three steps: (1) preliminary approval of the proposed settlement, including (if the class has not already been certified)

conditional certification of the class for settlement purposes; (2) notice to the class providing the members with an opportunity to object to the settlement; and (3) a final fairness hearing concerning the fairness, adequacy, and reasonableness of the settlement. *See* Fed. R. Civ. P. 23(e); Manual for Complex Litigation § 21.632 (4th ed. 2004).

Certification of a settlement class is appropriate where the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are satisfied. *See* Fed. R. Civ. P. 23(e).

In addition to the foregoing, a settlement class must satisfy one of the three subsections of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial. But other specifications of the rule . . . demand undiluted . . . attention in the settlement context.").

To receive court approval to send notice to the class, the Parties must provide "sufficient" information for the court to determine that it will "likely" be able to (1) certify the class for purposes of judgment, Fed. R. Civ. P. 23(e)(1)(B)(ii), and (2) approve the settlement, Fed. R. Civ. P. 23(e)(1)(B)(i).

In turn, the Court evaluates whether certification of a settlement class is appropriate and whether the settlement is fundamentally fair, adequate, and reasonable. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 17-MD-02777- EMC, 2019 WL 536661, at *5 (N.D. Cal. Feb. 11, 2019).

This Court should preliminarily certify the proposed class for the purpose of settlement because it meets the requirements of Federal Rule of Civil Procedure 23.

### A.    The Settlement Class Is Sufficiently Numerous

The proposed class exceeds 1000 current and former Plan participants. (Kravitz Decl. ¶ 24).

"[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2010 WL 809579, at 10 (N.D. Cal. Mar. 5, 2010) (citing *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001).

Thus, the numerosity requirement is satisfied. *In re Diasonics Securities Litig.*, 599 F.Supp. 447, 451 (N.D. Cal. 1984) (finding that numerosity is established where there are potentially hundreds of class members).

### B.    There are Common Questions of Law and Fact

"[A] finding of commonality does not require that all class members share identical claims." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, 2013 WL 12333442, at *45 (N.D. Cal. Jan. 8, 2013) (citation and quotation marks omitted).

"The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Rodriguez v. Hayes*, 591 F.3d 1105, 1112 (9th Cir. 2010).

Here, several common questions of fact and law exist that pertain to the central issue in this matter – that is whether the Hyatt Defendants breached their ERISA fiduciary duties in connection with the alleged failure to follow the terms of the Plan and the missed deferral opportunities for the Settlement Class members.  Courts in this Circuit routinely hold that the commonality element is satisfied in ERISA and others, similar cases.  *See Cryer v. Franklin Templeton Ress., Inc.*, No. C 16-4265 CW, 2017 WL 4023149, at *5 (N.D. Cal. July

26, 2017) (citing *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008) (finding that "[t]he common focus will be 'on the conduct of Hyatt Defendants: whether they breached their fiduciary duties to the Plan as a whole by paying excessive fees, whether they made imprudent investment decisions'"); *see also Tibble v. Edison Intern.*, No. CV 07–5359 SVW (AGRx), 2009 WL 6764541, at *3-*4 (C.D. Cal. June 30, 2009) (finding commonality satisfied where common issues included, *inter alia,* "[w]hether Hyatt Defendants breached the terms of the Plan documents by offsetting the costs of the recordkeeping and trustee services with certain fees and interest earned on Plan assets" and "[w]hether Hyatt Defendants chose certain investment options in order to maximize the amount of recordkeeping offsets the Hyatt Defendants could obtain from the mutual funds, rather than to maximize the return to the Plan participants"); *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *8-*9 (C.D. Cal. Mar. 29, 2011) (collecting cases).

Plaintiff has asserted breach of fiduciary duty claims and, therefore, the common questions are, simply put, as follows:

(a)    whether Hyatt Defendants failed to discharge their duties with respect to the Plan solely in the interest of the Plan's participants for the exclusive purpose of providing benefits to participants and their beneficiaries;

(b)    whether Hyatt Defendants breached their fiduciary duties under ERISA by failing to comply with the terms of the Plan; and

(c)    whether and what form of relief should be afforded to Plaintiff and the Class.  Thus, the proposed Settlement Class satisfies the commonality requirement.

As explained above, the proposed Settlement Class satisfies Rule 23(a)'s commonality requirement for settlement.

## C.    The Representative Plaintiff's Claims Are Typical

"The purpose of [Rule 23(a)(3)'s] typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1995).  "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (9th Cir. 1998).

Here, Plaintiff's claims are typical of all other settlement class members in that Plaintiff was a participant in the same Plan as all other settlement class members and alleges that the Hyatt Defendants engaged in ERISA violations in the same manner with respect to the Plan and all members of the settlement class.

Plaintiff asserts the same legal claims on behalf of himself and the proposed class; namely, settlement class members that sustained damages as a result of the Hyatt Defendants' common course of conduct.

These similarities satisfy Rule 23(a)'s typicality requirements. *See In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL 3505264, at *10 (noting that courts have usually found typicality satisfied "in defined contribution cases despite the fact that participants have individual accounts and select their investment fund from a variety of available options") (internal citations omitted) (collecting cases holding the same).

## D.    The Representative Plaintiff Has Fairly And Adequately Protected The Interests Of The Settlement Class

The Representative Plaintiff must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

The adequacy prong is satisfied when "the representative party's attorney [is] qualified, experienced and generally able to conduct the litigation; and [] the suit [is] not collusive and that the representative plaintiffs' interests [are] not antagonistic to those of the remainder of the class." *Butler v. Home Depot, Inc.*, No. C-94-4335 SI, 1996 WL 421436, at *3 (N.D. Cal. Jan. 25, 1996).

Here, Plaintiff and the Class he seeks to represent share common interests with respect to seeking compensation for the Hyatt Defendants' alleged breaches of fiduciary duty. By proving his own claims, Plaintiff will necessarily help to prove the claims of his fellow Settlement Class members. In addition, Plaintiff has no interests that are antagonistic to the Class, and he has actively participated in discovery and the mediation. (Kravitz Decl. ¶21.)

Further, Class Counsel are experienced class action litigators, including ERISA class actions, familiar with the legal and factual issues involved, and are highly qualified. (Kravitz Decl. ¶¶ 33-34.) Thus, the adequacy requirement is satisfied.

### E.    The Proposed Class Satisfies Rule 23(b)(1)'s Requirements

"[A] class action can be maintained if prosecuting separate actions by individual settlement class members would create a risk of either (A) inconsistent and varying adjudications with respect to individual settlement class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual settlement class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." *Tibble*, 2009 WL

6764541, at *2. "Courts have noted that 'ERISA [fiduciary litigation] . . . presents a paradigmatic example of a (b)(1) class.'" *Id.* at *7 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004); *see also In re Elec. Data Sys. Corp. ERISA Litig.*, 224 F.R.D. 613, 628 (E.D.Tex. 2004) ("Claims brought under ERISA section 502(a)(2) are typically certified under Rule 23(b)(1) or (2)."); *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 476 (E.D. Pa. 2007) ("Because Plaintiffs are alleging a breach of fiduciary duty, any finding as to Hyatt Defendants' alleged breach in an individual suit will affect the interests of Plan participants not parties to the suit.").

Thus, the proposed Settlement meets the requirements of Fed.R.Civ.P. 23(b)(1), given the nature of this case and the relief sought on behalf of the Class.

## III.  THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL

Settlement spares litigants the uncertainty, delay, and expense of a trial, and reduces the burden on judicial resources. As a result, "[c]ompromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). "There is a strong policy favoring compromises that resolve litigation, and case law in the Ninth Circuit reflects that strong policy." *In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008) (referencing *MWS Wire Indus., Inc. v. California Fine Wire Co.*, 797 F.2d 799, 802 (9th Cir.1986) ("There is an overriding public interest in settling and quieting litigation."); *see also Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004) (noting that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Settlements are

favored "particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Id.* (citing *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995)).

"Review of a proposed class action settlement generally involves two hearings." *Ogbuehi v. Comcast of California / Colorado / Florida / Oregon, Inc.*, 303 F.R.D. 337, 344 (E.D. Cal. 2014) (citing Manual for Complex Litigation (Fourth), § 21.61 (4th ed. 2004)). First, parties submit the terms of the settlement to the court and "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and the date of the final fairness hearing." Manual for Complex Litigation (Fourth) § 21.61 (2004). After the preliminary approval and notice to the class, the court shall conduct a final approbal hearing regarding the proposd settlement. *Id.*; *see also Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1267 (9th Cir.2010).

At the preliminary approval stage, the Court simply needs to ensure that the proposed settlement appears to be reasonable and within the range of what is fair. *See Litty v. Merrill Lynch & Co., Inc.*, 2015 WL 4698475, at *8 (C.D. Cal. Apr. 27, 2015) (explaining that at the preliminary approval phase, "the court need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval and, thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate" (quoting *Wright v. Linkus Enters.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009))). "Generally, preliminary approval will be granted if it appears to fall 'within the range of possible judicial approval' and 'does not

disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys.' *Scott v. United States Auto. Ass'n.*, 2013 WL 1225170, at *1 (W.D. Wash. Jan. 7, 2013) (citing Newberg on Class Actions (Fourth) § 11:25 (2010) (quoting Manual for Complex Litigation (Fourth) § 30.41 (1995))).

New amendments to Rule 23 took effect on December 1, 2018. These amendments provide further teaching on the standards that guide a court's preliminary approval analysis.[1]  Under the new Rule 23(e), in weighing a grant of preliminary approval, district courts must determine whether "giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i–ii).  Because Rule 23(e)(2) sets forth the factors that a court must consider when weighing final approval, it appears that courts, in essence, must assess, at the preliminary approval stage, whether the parties have shown that the court will likely find that the factors weigh in favor of final settlement approval.

The amended Rule 23(e)(2) requires courts to consider whether:

(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any

---

[1]Among other things, the new amendments set forth standards under Rule 23(e)(1)(B)(i–ii) that a district court must ensure are met prior to granting of preliminary approval of a proposed settlement, and factors under Rule 23(e)(2) that a district court must now consider when evaluating whether to grant final approval of a proposed settlement.  *See* Fed. R. Civ. P. 23(e).

proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats settlement class members equitably relative to each other.

(Fed. R. Civ. P. 23(e)(2). *see In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *5 (N.D. Cal. Mar. 28, 2019).

Additionally, courts in the Ninth Circuit have traditionally considered eight factors to assist in weighing final approval and determining whether a settlement is substantively fair, reasonable, and adequate. These factors are:

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Additionally, when settlements are negotiated prior to class certification, "courts must evaluate the settlement for evidence of collusion" among the negotiating parties. *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 229 F.Supp. 3d 1052, 1064 (N.D. Cal. 2017) (citing *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

The discussion of the Rule 23(e) considerations will inevitably touch on several of the *Churchill* factors, including the risk, expense, complexity, and likely duration of further litigation. The relevant factors under *Churchill* and Rule 23(e)(2) weigh in favor of the Settlement proposed here.

The Second Amended Settlement Agreement is fair, adequate, and reasonable. Additionally, this Settlement is certainly not the product of any collusion between the Parties, but rather is a fair agreement between Parties reached after discovery and an arm's length, full-day mediation. Therefore, this Court should preliminarily approve the Settlement and certify the Settlement Class.

Plaintiff respectfully requests that this Court preliminarily approve the Second Amended Settlement Agreement with the Hyatt Defendants, appoint Plaintiff's counsel as Class Counsel, and authorize the issuance of Notice to Settlement Class Members.

## A.    Adequate Representation by Class Representative and Class Counsel

The adequacy inquiry looks to whether "the interests of the class representatives are antagonistic to those of the class and whether counsel for the named plaintiffs possess the requisite ability and expertise to conduct the litigation." *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 276 (N.D. Cal. 1976).

One of the purposes of assessing adequate representation is to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625.

"[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (citations and

quotations omitted).

Plaintiff has no antagonistic interests, has participated in discovery and a mediation, and assisted counsel and diligently represented the Class. Class Counsel have investigated the action, reviewed significant discovery, worked with an expert, engaged in extensive conferences with opposing counsel, and negotiated the Settlement before the Court with the Hyatt Defendants. Moreover, Class Counsel are experienced ERISA practitioners. (*See* Kravitz Decl. ¶¶ 33-37.) As such, the Court should deem the representation to be adequate and in satisfaction of the requirements of Fed. R. Civ. P. 23(e)(2)(A).

## B.    Arm's-Length Negotiations

Here, the Second Amended Settlement Agreement represents the culmination of intensive arm's-length negotiations with the assistance of Mediator Robert Meyer of JAMS, who the Parties met with on several occasions. (Kravitz Decl. ¶ 14.) Plaintiff was represented in the Settlement negotiations by a team of attorneys who have considerable experience in ERISA litigation, and who are, therefore, well-versed in the legal and factual issues here. (*Id.* ¶¶ 15, 33-37. ) The Hyatt Defendants were similarly represented by counsel with extensive experience defending complex litigation, including ERISA class actions. The Settlement negotiations were contested and conducted in good faith. (*Id.*)

The participation of a well-respected mediator in this case is further assurance that the Settlement is the result of arm's-length negotiations. *See Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's length bargaining."); *see also*

18

*Satchell v. Fed. Express Corp.*, No 03-cv-2659-SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Bower v. Cycle Gear, Inc.*, No. 14-cv-02712-HSG, 2016 WL 4439875, at *5 (N.D. Cal. Aug. 23, 2016) ("[T]he parties reached their settlement after two full-day mediation sessions before impartial and experienced mediators, which strongly suggests the absence of collusion or bad faith by the parties or counsel.").

In addition to the participation of the mediator, the Initial Settlement Agreement was reviewed by an independent fiduciary, whose recommendations were incorporated into the Amended Settlement Agreement, and the Second Amended Settlement Agreement.

Neither the mediator, nor the fiduciary has an interest in the outcome of the litigation.

Accordingly, this factor weighs in favor of granting final approval and the requirements of Fed.R.Civ.P. 23(e)(2)(B) are also satisfied.

## C. Adequate Relief for the Class

In assessing whether the proposed Settlement provides adequate relief for the putative class under Rule 23(e)(2)(C), the Court must consider: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing class member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

While Plaintiff believes that he would ultimately prevail, he recognizes the risks associated with complex litigation. This litigation involves complex factual and legal issues under ERISA. The Parties

1    were fully aware of the risks of litigation and the complex issues

2    involved, making this Settlement a reasonable and fair result under the

3    circumstances.  Moreover, there is a substantial likelihood of appeal

4    from any final judgment.  A certain result for settlement class members

5    now, rather than a possibly larger, but contingent one at some

6    indefinite time years in the future, weighs in favor of approval of the

7    Settlement.

8         The next factor looks at the method of distributing relief to

9    settlement class members.  Fed. R. Civ. P. 23(e)(2)(C)(ii).  "A claims

10    processing method should deter or defeat unjustified claims, but the

11    court should be alert to whether the claims process is unduly

12    demanding."  Fed. R. Civ. P. 23 Advisory Committee's note to 2018

13    amendment.

14         The method used in the present action is set forth in the Second

15    Amended Settlement Agreement.  "Approval of a method of allocation of

16    settlement proceeds in a class action is governed by the same standards

17    of review applicable to approval of the settlement as a whole: the plan

18    must be fair, reasonable, and adequate.  It is reasonable to allocate the

19    settlement funds to class members based on the extent of their injuries

20    or the strength of their claims on the merits."  *Rieckborn v. Velti PLC*,

21    No. 13-cv-03889-WHO, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015)

22    (citing *In re Omnivision Techs., Inc.*, 559 F.Supp. 2d 1036, 1045 (N.D.

23    Cal. 2008)).  "As numerous courts have held, a method of allocation

24    need not be perfect."  *Brown v. Brewer*, CV 06-3731-GHK (SHx), 2012

25    WL 12882380, at *1 (C.D. Cal. Jan. 18, 2012) (citing *In re Giant

26    Interactive Grp., Inc. Sec. Litig.*, No. 07 Civ. 10588 (PAE), 2011 WL

27    5244707, at *8 (S.D.N.Y. Nov. 2, 2011)).

28         Under the Settlement, the plan of allocation is straightforward

and fair to all settlement class members.  The Settlement

Administrator will determine the amount of the settlement allocation for each current Plan participant and former Plan participant based on the amount of their missed deferral opportunities during the Class Period.  The allocations are made in a manner proportionate to the size of the missed deferral opportunities of each settlement class member. Moreover, with respect to the manner of distribution, current Plan participants do not need to take any affirmative steps to receive payment under the Settlement.  Former Plan participants will receive their benefit by check. Thus, not only is the plan  of allocation fair, but settlement  class members will also readily receive the benefits of the Settlement.  Moreover, the method of allocation was reviewed and ultimately approved by the independent fiduciary, Fiduciary Counselors, after the Parties incorporated its recommendations into the Amended Settlement and Second Amended Settlement Agreement.

The next factor is the terms of any attorneys' fee award.  Class Counsel will seek approval from the Court of their attorneys' fees not to exceed $368,750, as well as litigation costs and expenses advanced and carried by Class Counsel during this litigation.  Class Counsel request a fee of approximately 25 percent of the gross settlement amount of $1,475,000, a percentage that falls well within established Ninth Circuit precedent and that is manifestly reasonable in light of the facts and circumstances of the case, including, among other things, the results achieved, the skill and quality of work, the contingent nature of the fee, and awards made in similar cases.  *See, e.g.*, *Vandervort v. Balboa Capital Corp.*, 8 F.Supp. 3d 1200, 1210 (C.D. Cal. 2014) (finding "33% award of fees and costs is warranted . . . given the length of the case and the issues involved"); *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *8 (N.D. Cal. June 27, 2014) (finding "the request for attorneys' fees in the amount of 30% of the common fund falls within

the range of acceptable attorneys' fees in Ninth Circuit cases"); *Glass v. UBS Fin. Serv., Inc.*, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) (determining settlement of a wage and hour class action for 25 to 35% of the claimed damages to be reasonable in light of the uncertainties involved in the litigation); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (noting that "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark"); *In re Pacific Enters. Sec. Litig.*, 47 F.3d at 379 (affirming fee award equal to 33% of fund); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1375 (N.D. Cal. 1989) (affirming award of 32.8% fee); and *Linney v. Cellular Alaska P'Ship*, 1997 WL 450064, at *7 (N.D. Cal. July 18, 1997) (permitting attorneys' fees in the amount 33.3% of $6,000,000 common fund and noting that "[c]ourts in this district have consistently approved attorneys' fees which amount to approximately one-third of the relief procured for the class").

In addition, the independent fiduciary found that the amount requested for the attorneys' fees and the case contribution award are reasonable under the facts and circumstances of the case.

Consideration of the next Rule 23(e)(2) factor, that class members are treated equitably, "could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 amendment. As set forth above, the plan of allocation is fair, and settlement class members are being treated equitably.

## D.    *Churchill* Factors and Fear of Collusion

The applicable *Churchill* factors favor preliminary approval. With

regard to the first and fifth factors, Plaintiff's case is strong. The second factor, the risk, expense, complexity, and potential for further durations, points in favor of settlement. While the case has resolved early in the litigation process, there nonetheless existed the potential for further litigation, including trial, post-trial motions, and a likely appeal. Extensive informal discovery was conducted and expert information was exchanged by the Parties. Additionally, the amount of the settlement, the fourth *Churchill* factor, is a strong achievement, especially given the uncertainty of trial. The gross settlement amount is $1,475,000 and will provide strong recompense to current and former Plan participants. With respect to the sixth *Churchill* factor, all counsel in this case support the Second Amended Settlement Agreement. *See In re Omnivision*, 559 F.Supp. 2d at 1043 (holding "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness"). Counsel for both Plaintiff and the Hyatt Defendants have broad experience litigating ERISA claims, and their knowledge regarding the case is strong considering the extensive discovery conducted and the number of issues contested in this case. In addition, the Fiduciary also found the Settlement amount to be reasonable.

Finally, the Settlement is clearly the result of arm's-length negotiations between experienced counsel for the Parties. There is absolutely no concern of collusion in this case. As explained above, "class counsel are not slated to receive a disproportionate distribution of the settlement." *Bayat v. Bank of the West*, 2015 WL 17443542, at *7 (N.D. Cal. Apr. 15, 2015) (citation omitted). Also, "because any attorneys' fees award will come out of the common fund, there is no 'clear sailing' agreement here that would warrant against settlement approval." *Id.* (citing *In re Bluetooth*, 654 F.3d at 947 (noting the

concern that such arrangements providing for the payment of fees separate from the class could signal an agreement between counsel to pay class counsel excessive fees, leaving the class with a subpar settlement)).  Moreover, the Parties negotiated before a respected mediator, Robert Meyer of JAMS.  *See Satchell*, 2007 WL 1114010, at *4 ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").  In addition, the Settlement terms reached at mediation were reviewed and approved by an independent fiduciary.   This agreement is the result of arm's-length negotiations, and there should be no concern of collusion among the Parties.

## IV.   THIS COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

Rule 23(c)(1)(B) states that an order certifying a class action "must appoint class counsel under Rule 23(g)."  The court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff's counsel have considerable experience in litigating complex class actions, including ERISA class actions.  Moreover, Plaintiff's counsel is willing to, and does, take class actions to trial when a reasonable resolution cannot be reached.   The work performed by Plaintiff's counsel in this matter, as well as their substantial experience, provides more than an ample basis for finding that they satisfy each applicable criterion under Rule 23(g), and are well qualified to serve as Class Counsel.  (Kravitz Decl. ¶¶15,33-34.)  Plaintiff's

counsel investigated the action, conferred with experts, engaged in extensive informal discovery, and mediated the action. Accordingly, Plaintiff's counsel should be appointed Class Counsel.

## V.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE

The Parties also seek this Court's approval of the Notice procedures set out in the Second Amended Settlement Agreement. Under the proposed Notice plan, Strategic Claims Services will send direct Notice by email or post-card notice by first class mail to members of the Settlement Class and post the notice on a website established for the case. The manner in which this notice is disseminated, as well as its content, must satisfy Rule 23(c)(2) (governing class certification notice), Rule 23(e)(1) (governing settlement notice), and due process. *See Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522, at *3 (N.D. Cal. Jan. 24, 2019).

Rule 23(c)(2)(A) provides that the Court may direct appropriate notice to the class. Fed. R. Civ. P. 23(c)(2)(A). Similarly, Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed] [settlement]." Fed. R. Civ. P. 23(e)(1).

### A.    The Proposed Methods For Providing Notice Meet The Requirements For Approval

The Parties propose that the Settlement Administrator mail an individual Postcard Notice to each Class Member. (Kravitz Decl. ¶¶ 6-7, Ex. A – 3.) Further, the Parties propose that the Settlement Administrator publish Notice on a dedicated website. (*Id.* ¶¶ 6-7, Ex. A.) These proposed methods of providing notice fully satisfy Rule 23(c), Rule 23(e), and due process.

### B.    The Proposed Content Of The Notice Meets The

**Requirements For Approval**

The proposed content of the Notice also satisfies both Rule 23 and due process. To satisfy Rule 23(c)(2)(A), the Notice must be appropriate. Fed. R. Civ. P. 23(c)(2)(A). In addition, Rule 23(e) and due process require that notice of a proposed settlement must inform class members about the settlement's general terms, that the class members can seek complete information from the court files, and that any settlement class member may appear and be heard at a final approval hearing. "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.' *Churchill Vill.*, 361 F.3d at 575 (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Notice meets these requirements. The proposed mail and website Notice is written in plain English and describes: (1) the nature of the claims in the case; (2) a description of the Settlement Class; (3) a description of the Settlement and the relief to be provided; and (4) how to get more information from this Court about the Settlement, the Parties involved and the procedures to follow to object. (Kravitz Decl. ¶¶ 6-7, Ex. A -2.) The Notice will include the deadline to object to the Settlement and the date of the Fairness Hearing. (*Id.*) The Notice states that settlement class members can enter an appearance through their own counsel if desired. Finally, the Notice makes clear that settlement class members do not need to do anything to receive benefits under the Settlement. Accordingly, the contents of the Notice meet all requirements and fully apprises settlement class members about their options. *See Chao v. Aurora Loan Servs., LLC*, 2014 WL 4421308, at *6 (N.D. Cal. Sept. 5, 2014) (approving notice which "describes the nature of the action, summarizes the terms of the

settlement, identifies the different classes and provides instruction on how to opt out and object, and the proposed fees and expenses to be paid to Plaintiff's counsel and the claims administrator").

Class Counsel propose a Notice that will maximize the opportunity for members of the class to understand the nature of the class, the Settlement, and to respond appropriately if they so choose. The costs of Notice will be paid out of the gross settlement fund. Plaintiff has endeavored to secure the most efficient Notice program possible, which can be done using the addresses of the Plan's current and former Plan participants.

Such Notice plans are commonly used in class action settlements like this one and constitute valid, due, and sufficient notice to settlement class members, and satisfy both Rule 23(c)(2)(A)'s appropriateness  standard and Rule 23(e)(1)'s "notice in a reasonable manner" standard.  *See, e.g.*, Moore's Federal Practice - Civil § 23.102[3][a]-[c].  Plaintiff therefore respectfully moves this Court to approve the proposed form and manner of Notice to the Settlement Class.

## VI.  CONCLUSION

Plaintiff Lance Baird, individually, on behalf of the proposed Settlement Class and the Hyatt Defendants, respectfully submits this Memorandum of Points and Authorities in Support of their Unopposed Motion for Preliminary Approval of Class Action Settlement, requests the Court issue an Order that: (1) preliminarily approves the Second Amended Settlement;[2] (2) preliminarily certifies the proposed

---

[2]The parties' executed the Initial Settlement, the Amended Settlement and the Second Amended Settlement agreements which are attached as Exhibits A, B, and C, respectively, to the concurrently filed Declaration of Ronald S. Kravitz.  Terms not defined herein shall have the same meaning as in the Second Amended Settlement.

Settlement Class; (3) approves the proposed Notice Plan in the Second Amended Settlement Agreement and proposed Preliminary Approval Order; and (4) sets a final approval hearing on a date convenient for the Court at least 120 calendar days after entry of the proposed Preliminary Approval Order.

Dated: November 17, 2023          */s/ Ronald S. Kravitz*
                                  Ronald S. Kravitz
                                  MILLER SHAH, LLP
                                  456 Montgomery Street, Suite 1900
                                  San Francisco, CA 94104
                                  Telephone: (866) 540-5505
                                  Facsimile: (866) 300-7367
                                  Email: rskravitz@millershah.com

                                  D. Joshua Staub (SBN 170568)
                                  LAW OFFICE OF D. JOSHUA STAUB
                                  13015 Washington Blvd.
                                  Los Angeles, CA 90066
                                  Telephone: (310) 929-5269
                                  Fascimile: (213) 816-1932
                                  Email: josh@djoshuastaub.com

                                  *Attorneys for Plaintiff Lance Baird and the Putative Class*

                                  Sam Schwartz-Fenwick (admitted PHV)
                                  **Seyfarth Shaw LLP**
                                  233 S Wacker Dr # 8000,
                                  Chicago, IL 60606
                                  Telephone: (312)-460-5948
                                  Facsimile: (312):460-7948
                                  Email: sschwartz-fenwick@seyfarth.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric W. May
**Seyfarth Shaw LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
Email: EMay@seyfarth.com

*Attorneys for Defendants*

1

## <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on November 17, 2023, I caused the

3  foregoing to be electronically filed with the Clerk of Court using the

4  CM/ECF system, which will send notification to all counsel of record.

5                                          <u>/s/ *Ronald. S. Kravitz*          </u>

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28