Ronald S. Kravitz
**MILLER SHAH LLP**
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
(866) 540-5505
(866) 300-7367
Email: rskravitz@millershah.com

*Attorneys for Plaintiff, the Plan,*
*and the Class*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BAIRD, individually, And on behalf of all others similarly Situated, and on behalf of the HYATT CORPORATION RETIREMENT SAVINGS PLAN, <br><br> Plaintiff(s), <br><br> vs. <br><br> HYATT CORPORATION; HYATT CORPORATION BENEFITS COMMITTEE and its members, <br><br><br> Defendant(s). | Case No.: 2:22-cv-01620-DSF(Ex) <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> Complaint Filed March 10, 2022 |

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT

## COMPLAINT

1.     This case arises from the failure of Defendant, Hyatt Corporation ("Defendant" or "Hyatt"), to properly defer compensation paid to Plaintiff, Lance Baird ("Plaintiff" or "Mr. Baird"), and other participants of the Hyatt Corporation Retirement Savings Plan, as amended and restated, effective as of January 1, 2017 (the "Plan").

2.     The Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34).

3.     The Plan has more than $2,130,777,033 in assets with almost 26510 active and more than 47849 total participants as of the end of 2020. Defendants are the Plan's fiduciaries: the Plan sponsor, Hyatt, and the Hyatt Corporation Benefits Committee and its members (collectively, "Defendants").

4.     Mr. Baird brings this action on behalf of himself, all other similarly situated Plan participants and beneficiaries (collectively, the "Class," as defined in detail below), and the Plan, to:

   a) enforce his and the Class's rights under the terms of the Plan;
   b) hold Defendants liable to the Plan for their breaches of fiduciary duties;
   c) obtain injunctive and declaratory relief; and
   d) obtain all other appropriate relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## THE PARTIES

5.     Plaintiff Lance Baird is a participant of the Plan.

6.     Mr. Baird is a resident and citizen of Long Beach, California, and has been employed by Hyatt since March, 15, 2017.

FIRST AMENDED CLASS ACTION COMPLAINT

7.     Mr. Baird is currently employed by Hyatt as a server in Huntington Beach, California.

8.     Mr. Baird brings this action on behalf of himself, all other similarly situated members of the Plan, and on behalf of the Plan itself.

9.     Defendant Hyatt is a Delaware Corporation with its current headquarters in Chicago, Illinois.

10.     Hyatt is a multinational hospitality company that manages luxury hotels, resorts, and vacation properties that provide lodging, food, beverage, and other services.

11.     Hyatt is the Plan sponsor, Plan administrator, and a fiduciary of the Plan under ERISA pursuant to 29 U.S.C. §§ 1002, 1102.

12.     Defendant Hyatt Corporation Benefits Committee has the full and complete authority, responsibility, and control over the management, administration, and operation of the Plan pursuant to the Plan Document.[1]

13.     The Hyatt Corporation Benefits Committee also administers the Plan and is a named fiduciary and/or a fiduciary to the Plan under ERISA pursuant to 29 U.S.C. §§ 1002, 1102.

14.     The Hyatt Corporation Benefits Committee maintains its address at Hyatt's headquarters in Chicago, Illinois and its members are appointed by Hyatt to administer the Plan.

## **JURISDICTION AND VENUE**

15.     Mr. Baird seeks relief on behalf of himself, all others similarly situated persons and on behalf of the Plan, pursuant to ERISA's civil

---

[1] The Plan, as with other ERISA plans, is "established and maintained pursuant to a written instrument," *i.e.*, the "Plan Document." 29 U.S.C. § 1102(a)(1).

FIRST AMENDED CLASS ACTION COMPLAINT

enforcement remedies with respect to fiduciaries and other interested persons under ERISA Section 409, 29 U.S.C. § 1109 and 29 U.S.C. § 1132.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Mr. Baird resides in this District and the breach or violation took place in this District.

## BACKGROUND FACTS

### I. RELEVANT PROVISIONS IN THE PLAN CONCERNING PARTICIPANT COMPENSATION DEFERRALS AND HYATT'S TIPS POLICY

18. Pursuant to Section 3.3(a)(i) of the Plan, Participants "may elect . . . to contribute a 401(k) Contribution in an amount equal to a designated whole percentage of his Pay" with a maximum limit of 30% of the Participant's Compensation, calculated on an annual basis.

19. Section 1.53 of the Plan defines "Pay" as "the amount of his Compensation payable to him for a Payroll Period."

20. The Plan defines "Compensation" in Section 1.17 as "the amount reported for a Participant on IRS Form W-2, Box 1 for the Plan Year by a Participating Company."

21. The Summary Plan Document of the Plan also states that "your compensation for any year is generally all your pay reported in Box 1 of your W-2 Form."

22. The Internal Revenue Code (26 U.S.C. § 3401(f)) expressly provides that the term "wages" for Box 1 of form W-2 includes tips received by an employee in the course of his employment.

FIRST AMENDED CLASS ACTION COMPLAINT

23.    Hyatt has a mandatory policy of requiring tipped employees, including Mr. Baird, to be paid all charged tips in cash rather than through payroll, interfering with Plaintiff's and Class members' ability to defer income under the terms of the Plan.

24.    Hyatt does not provide its employees with the option to receive those tips later with their compensation paid through payroll.

25.    When determining the taxable earnings for its employees, Hyatt includes the credit card tips that it requires Plaintiff and other tipped employees to report.

26.    Hyatt calculates and applies the taxes and withholding due on those earnings, as well as payroll deductions for benefits, including the deferral election for the Plan, before making payments to its employees through payroll for compensation.

27.    Because Hyatt mandates that credit card tips, which make up a significant portion of certain employees' compensation, be paid out to employees at the end of the shift rather than through payroll, there are frequently insufficient amounts paid through payroll to cover the entirety of the employees' deferral election for the Plan.  In these instances, the affected employees are only able to make after-tax contributions to the Plan to make up for the shortfall.

28.    The Plan Document neither excludes tip income from their compensation nor provides for Hyatt's mandatory Tips Policy which has the effect of discriminating against employees who receive tips as part of their income when compared to employees who do not receive tipped income.

## II.    MR. BAIRD'S DEFERRAL ELECTIONS

29.    Since 2017, Mr. Baird has elected to defer a portion of his compensation under the terms of the Plan.

30.    As a result of Hyatt's mandatory Tips Policy, Hyatt has failed to defer the elected percentage of Mr. Baird's compensation to his Plan account.

31.    Mr. Baird has made a series of changes to his deferral elections and none of them have been met due to Hyatt's failure in properly deferring his compensation pursuant to the Plan.

32.    On July 11, 2017, Mr. Baird made a request to change his deferral election from 0% to 5% of his Compensation.

33.    On March 4, 2019, he updated his deferral election to 10% of his compensation.

34.    On June 2, 2020, he updated his deferral percentage to 50% of his compensation.

35.    On August 14, 2020, he changed his deferral election to 8% of his compensation, which is his current deferral election.

36.    Below is a chart illustrating the actual deferral percentage of Mr. Baird's compensation as calculated by dividing the "Less 401(k) (D-Box 12)" value by the Gross Pay on his W-2 forms:

2018 W-2
| Gross Pay | $30,495.37 |
| Less 401(k) | $1503.28 |
| Percentage | 4.93% |

2019 W-2
| Gross Pay | $21,063.77 |
| Less 401(k) | $1893.38 |
| Percentage | 8.99% |

2020 W-2
| Gross Pay | $41,328.19 |
| Less 401(k) | $2877.99 |
| Percentage | 6.96% |

FIRST AMENDED CLASS ACTION COMPLAINT

37.    As shown in the preceding paragraph, the actual deferral percentages contributed to Mr. Baird's Plan account fall below the corresponding deferral election at the time.

38.    Hyatt has breached its fiduciary duties under ERISA by failing to follow the terms of the Plan and failing to comply with Mr. Baird's deferral elections pursuant to the Plan,

## ERISA'S FIDUCIARY STANDARDS

39.    ERISA Section 404 provides, in relevant part, that:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>
> > (A) for the exclusive purpose of:
> >
> > > (i) providing benefits to participants and their beneficiaries; and
> > >
> > > (ii) defraying reasonable expenses of administering the plan
> >
> > (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
> >
> > …
> >
> > (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of his subchapter and subchapter III.
>
> 29 U.S.C. § 1104 (a).

- 7 -

FIRST AMENDED CLASS ACTION COMPLAINT

# CLASS ALLEGATIONS

40.   This action is brought as a class action by Mr. Baird on behalf of himself and the Class, defined as follows:

> All current and former participants of the Hyatt Corporation Retirement Savings Plan who received reported tips as compensation and had a deferral election in place at the time they received the reported tips within six years of the date this action was filed.

> Excluded from the Class is the judge to whom this case is assigned and any other judicial officer having responsibility for this case, and Defendants.

41.   This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42.   <u>Numerosity</u>.  Mr. Baird is informed and believes that there are approximately 26,510 active and more than 47,849 total Plan participants, of which a significant percentage would be members of the Class.  As a result, the members of the Class are so numerous that their individual joinder in this action is impracticable.

43.   <u>Commonality</u>.  There are numerous questions of fact and/or law that are common to Plaintiff and Class members, including, but not limited to the following:

    a. Whether the Plan requires Defendants to apply the deferral elections of Plaintiff and the Class to the reported tips they received;

    b. Whether Defendants acted as fiduciaries to the Plan under ERISA when they failed to apply the deferral elections of Plaintiff and members of the Class to their reported tips as alleged herein;

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

    c. Whether Defendants breached their fiduciary duties under ERISA when they failed to apply the deferral elections of Plaintiff and members of the Class to their reported tips as alleged herein; and

    d. Whether and what form of relief should be afforded to Plaintiff and the Class.

44. <u>Typicality</u>. Mr. Baird, a member of the Class, has claims that are typical of all of the members of the Class.

45. Mr. Baird's claims and all of the claims of the members of the Class arise out of the same uniform course of conduct by Defendants and arise under the same legal theories that are applicable as to all other members of the Class.

46. <u>Adequacy of Representation</u>. Mr. Baird will fairly and adequately represent the interests of the members of the Class.

47. Mr. Baird has no conflicts of interest with or interests that are any different from the other members of the Class.

48. Mr. Baird has retained competent counsel experienced in class action and other complex litigation, including class actions under ERISA.

49. <u>Predominance</u>. Common questions of law and fact predominate over questions affecting only individual members of the Class, and the Court, as well as the parties, will spend the vast majority of their time working to resolve these common issues.

50. Indeed, the only individual issue of significance will be the exact amount of damages recovered by each Class member, the calculation of which will ultimately be a ministerial function that does not pose an impediment to certification.

51. <u>Superiority</u>. A class action is superior to all other feasible alternatives for the resolution of this matter.

FIRST AMENDED CLASS ACTION COMPLAINT

52. The vast majority, if not all, of the members of the Class are unaware of Defendants' breaches of fiduciary duty such that they will never bring suit individually.

53. Furthermore, even if they were aware of the claims they have against Defendants, the claims of virtually all members of the Class would be too small to economically justify individual litigation.

54. Finally, individual litigation of multiple cases would be highly inefficient, a gross waste of the resources of the courts and of the parties, and potentially could lead to inconsistent results that would be contrary to the interests of justice.

55. Manageability.  This case is well suited for treatment as a class action and easily can be managed as a class action since evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a Class-wide basis, while the allocation and distribution of damages to members of the Class would essentially be ministerial.

56. Defendants have acted on grounds generally applicable to the Class by uniformly subjecting Class members to their policy of refusing to apply their deferral election to their reported tips.

57. Accordingly, injunctive relief, as well as legal and/or equitable monetary relief (such as disgorgement and/or restitution), along with corresponding declaratory relief, are appropriate with respect to the Class as a whole.

## COUNT I
### Breach of Fiduciary Duty – ERISA § 502(a)(2)

58. Mr. Baird restates and re-alleges the foregoing paragraphs as if fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT

59. Defendants are fiduciaries to the Plan under ERISA § 3(21)(A), 29 U.S.C. 1002(21)(A), based on the discretionary authority and responsibilities they assumed and/or were granted for administering the Plan.

60. ERISA § 502(a)(2) authorizes a participant or beneficiary to bring a civil action to obtain appropriate relief for breaches of fiduciary duty on behalf of a plan, to hold the breaching fiduciary personally liable to make good to such plan any losses to the plan resulting from each such breach, and any other equitable or remedial relief as the court may deem appropriate.

61. Defendants' administration of the Plan with respect to the participants' right to defer his or her reported tips contradicts the Plan Document and potentially jeopardizes the tax-qualified status of the Plan.

62. In doing so, Defendants have breached ERISA § 404(a)(1)(D) by failing to act in accordance with the documents and instruments governing the Plan.

63. Moreover, Defendants have breached ERISA § 404(a)(1)(B) by failing to act with the care, skill, prudence, and diligence under the circumstances then prevailing of a prudent man acting in a like capacity.

64. Upon information and belief, Defendants failed to prudently consider their interpretation and administration of a Plan participant's right to defer reported tips.

65. Instead, Defendants appear to have simply adopted an arbitrary position denying Plan participants the right to defer reported tips paid by credit card and demanded that participants convert the tips to cash at the end of each shift, thereby avoiding the need to follow the participants' election to defer a percentage of their credit card tip income.

FIRST AMENDED CLASS ACTION COMPLAINT

66.    As a result, the Plan has suffered losses from, *inter alia*, the contributions from Mr. Baird, and the Class, the matching contribution from the Plan sponsor, and the profits those contributions would have accrued as Plan assets.

67.    In and denying Plan participants who are tipped employees the right to defer reported tips, Defendants have violated the anti-discrimination provision of ERISA § 510, 29 U.S.C. § 1140 and breached their duties of loyalty and prudence by interfering with Mr. Baird's ability to defer income under the terms of the Plan.

68.    While highly-compensated and/or non-tipped employees are permitted to apply their pre-tax deferral election to the entirety of their reported income, Defendants interfere with Plaintiff's ability to attain rights under the Plan by precluding him and other tipped employees from deferring  a portion of their reported income  from reported credit card tips.

69.    Accordingly, Mr. Baird asserts this claim on behalf of himself and the Class, and on behalf of the Plan, to hold Defendants personally liable to make good to the Plan the losses resulting from their breaches of fiduciary duties, as well as declaratory and injunctive relief to enjoin the illegal practices of Defendants described herein, and to obtain such appropriate equitable relief as may be necessary under the circumstances.

## COUNT II
### Breach of Fiduciary Duty – ERISA § 502(a)(3)

70.    Mr. Baird restates and re-alleges the foregoing paragraphs as if fully set forth herein.

71.    ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of

- 12 -
FIRST AMENDED CLASS ACTION COMPLAINT

the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

72.     Pursuant to the Plan, Mr. Baird, and the Class were entitled to contribute a portion of their reported tips based on their deferral elections, and receive benefits based on those contributions.

73.     Defendants refused, and continue to refuse, to comply with the terms of the Plan with respect to Mr. Baird's and the Class's rights to contribute a portion of their reported tips to the Plan based on their deferral elections, and receive benefits based on those contributions.

74.     Upon information and belief, Defendants failed to prudently consider their interpretation and administration of a Plan participant's right to defer reported tips.

75.     Instead, Defendants appear to have simply adopted an arbitrary position denying Plan participants' rights to defer reported tips based on Hyatt's tax withholding practices, thereby risking the qualified status of the Plan.

76.     In addition, by denying Plan participants who are tipped employees the right to defer reported tips, Defendants also have violated and continue to violate ERISA § 510, 29 U.S.C. § 1140, by discriminating against plan participants or beneficiaries and interfering with participants' or beneficiaries' attainment of rights under ERISA.  While highly-compensated and/or non-tipped employees are permitted to apply their pre-tax deferral election to the entirety of their reported income, Defendants have knowingly and intentionally interfered with the rights of the tipped employees through its mandatory Tips Policy precluding Mr. Baird from deferring a substantial portion of their  reported income, i.e.,

FIRST AMENDED CLASS ACTION COMPLAINT

the income they receive from payroll, but not the income from reported credit card tips.

77. Accordingly, Mr. Baird seeks declaratory and injunctive relief on behalf of himself and the Class to enjoin the illegal practices of Defendants described herein, and to obtain such other appropriate equitable relief as may be necessary under the circumstances recognizing their rights to those benefits.

WHEREFORE, Plaintiff, on behalf of himself, the Class, and the Plan, demands judgment against Defendants for the following relief:

(a) an Order declaring this action to be maintainable as a class action and appointing Mr. Baird as the representative of the Class and his counsel as counsel for the Class;

(b) a declaratory judgment that Defendants have acted contrary to the Plan by preventing Plaintiff and the Class from contributing a portion of their reported tips based on their deferral elections;

(c) a declaratory judgment that Defendants have violated the anti-discrimination provision of ERISA § 510, 29 U.S.C. § 1140, by interfering with the participants' or beneficiaries' attainment of rights under ERISA and preventing Mr. Baird and the Class from contributing a portion of their reported tips based on their deferral elections;

(d) a declaratory judgment that Defendants have breached their fiduciary duties to Plaintiff and the Class, in violation of 29 U.S.C. § 1104, by interfering with the participants' or beneficiaries' attainment of rights under ERISA and by preventing Mr. Baird and the Class from contributing a portion of their reported tips based on their deferral elections;

FIRST AMENDED CLASS ACTION COMPLAINT

(e)     an Order enjoining Defendants from continuing to engage in the breaches of fiduciary duty and violations of law described herein;

(f)     an accounting of the Plan of the monies that would have been contributed to the Plan and the profits such monies would have generated but for Defendants' breaches of their fiduciary duties;

(g)     disgorgement, restitution, and/or restoration to the Plan of the monies that would have been contributed to the Plan and the profits such monies would have generated but for Defendants' breaches of their fiduciary duties;

(h)     pre-judgment and post-judgment interest at the maximum permissible rates, whether at law or in equity;

(i)     attorneys' fees, costs, and other recoverable expenses of litigation; and

(j)     such further and additional relief to which Mr. Baird, the Class, and the Plan may be justly entitled and the Court deems appropriate and just under all of the circumstances.

DATED: November 28, 2023          Respectfully Submitted,


/s/ *Ronald S. Kravitz*
Ronald S. Kravitz (SBN 279834)
MILLER SHAH LLP
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

D. Joshua Staub (SBN 170568)
LAW OFFICE OF D. JOSHUA STAUB
13015 Washington Blvd
Los Angeles, CA 90066
Telephone: (310) 929-5269
Facsimile: (213) 816-1932
Email: josh@djoshuastaub.com

*Attorneys for Plaintiff, Individually and as Representative for the Proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT

## <u>NOTICE PURSUANT TO ERISA § 502(h)</u>

To ensure compliance with the requirements of ERISA § 502(h), 29 U.S.C. § 1132(h), the undersigned hereby affirms that, on this date, a true and correct copy of this First Amended Complaint was served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, return receipt requested.

Dated: November 28, 2023          Respectfully submitted,


/s/ *Ronald S. Kravitz*
Ronald S. Kravitz (SBN 279834)
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: rskravitz@millershah.com

- 17 -
FIRST AMENDED CLASS ACTION COMPLAINT