JS-6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BAIRD, individually, and on behalf of all others similarly situated, and on behalf of the HYATT CORPORATION RETIREMENT SAVINGS PLAN,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>HYATT CORPORATION; HYATT CORPORATION BENEFITS COMMITTEE and its members,<br><br>                    Defendants. | Case No.: 2:22-cv-01620-DSF-Ex<br><br>**FINAL APPROVAL<br>ORDER AND JUDGMENT** |

        WHEREAS, Plaintiff Lance Baird in *Lance Baird v. Hyatt Corporation et al.*, C.D. Cal. Case No. 2:22-cv-01620-DSF-Ex (the "Class Action") on his own behalf and on behalf of the Class and the Hyatt Corporation Retirement Savings Plan (the "Plan"), on the one hand, and Defendants Hyatt Corporation and the Hyatt Corporation Benefits Committee (the "Committee") (collectively, the "Defendants"), on the other hand, have entered into a "SECOND AMENDED CLASS ACTION SETTLEMENT AGREEMENT" dated November 9, 2023 (the "Settlement Agreement"), which provides for a complete

dismissal with prejudice of all claims asserted in the Class Action against Defendants on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, the capitalized terms not defined in this Final Approval Order and Judgment shall have the same meaning ascribed to them in the Settlement Agreement;

WHEREAS, by Order dated January 10, 2024 (the "Preliminary Approval Order"), this Court:

1.      preliminarily certified the Class for settlement purposes only;

2.      preliminarily approved the Settlement;

3.      appointed a Settlement Administrator;

4.      directed notice be given to the Class and approved the form and manner of Notice;

5.      approved the Plan of Allocation;

6.      scheduled a Final Approval Hearing; and

7.      scheduled a hearing on Class Counsel's motion for attorneys' fees and expenses, and Plaintiff's request for a case contribution award;

WHEREAS, the Court conducted a hearing (the "Final Approval Hearing") to consider, among other things:

8.      whether the Class should be certified for settlement purposes only;

9.      whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court;

10.     whether Class Counsel's request for attorneys' fees and expenses is reasonable and should be approved;

11.     whether Plaintiff's request for a case contribution award is reasonable and should be approved; and

12.     whether this Final Approval Order and Judgment should be entered dismissing with prejudice all claims asserted in the Class Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in the Class Action in connection with the Settlement Agreement, all oral and written comments received, and the record in this Class Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

13.     **Jurisdiction:** The Court has jurisdiction over the subject matter of the Class Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the parties, and the class members.

14.     **Incorporation of Settlement Documents:** This Final Approval Order and Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on November 17, 2023, including the exhibits submitted therewith; and (b) the Notice approved by the Court on January 10, 2024.

15.     **Class Certification:** The Court has held that the non-opt out class should be certified under Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b)(1), under the terms of the Settlement Agreement. The Court confirms that the class preliminarily certified under Rule 23(b)(1) is appropriate for the reasons set forth in its Preliminary Approval Order, and finally certifies the following non-opt-out class:

"All current and former participants (including their beneficiaries or alternate payees) of the Hyatt Retirement Savings Plan (the "Plan") who [i] were employed in California, Illinois, or New York from March 10, 2016 through the date of the Preliminary Approval Order ("Class Period"), [ii] received the full value of tips paid by credit card outside of their regular paycheck, and [iii] had a deferral election in place when receiving those tips."

16.     **Notice:** The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted appropriate notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Class Action, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement and appear at the Final Approval Hearing, of Class Counsel's request for attorneys' fees and expenses, and of Plaintiff's request for a case contribution award; (c) constituted appropriate notice to all persons or entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

17.     **Objections:** The Court finds that no objections were submitted.

18.     **Final Settlement Approval:** Pursuant to Federal Rules of Civil Procedure, Rule 23(e), the Court approves the Settlement Agreement and the terms therein as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action. The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the Plan and Class Members based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a.  The Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

b.  The Settlement Agreement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants in discovery;

c.  The Settlement was reviewed and approved by an independent fiduciary.

d.  Class Counsel and the Plaintiff were well-positioned to evaluate the value of the Class Action;

e.  If the Settlement Agreement had not been achieved, Plaintiff and the Class Members faced significant expense, risk, and uncertainty in connection with the litigation, which likely would have been prolonged;

f.  The amount of the Settlement is fair, reasonable, and adequate in light of the claims that were asserted, the risks of litigation, and settlements in other similar cases, and the plan of allocation is also fair, reasonable, and appropriate;

g.  The Plaintiff and Class Counsel support the Settlement Agreement, and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

h.  Class Members had the opportunity to be heard on all issues relating to the Settlement and the requested administrative expenses, attorneys' fees and expenses, and Plaintiff's contribution award by submitting objections to the Settlement Agreement to the Court. There were no objections to the Settlement.

i.  The Settlement also was reviewed by an Independent Fiduciary, Fiduciary Counselors, who has approved and authorized the Settlement.

j.  The Settlement treats Class Members equitably relative to each other.

19.    The Motion for Final Approval of the Settlement Agreement is GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Parties are directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

20.    The Court makes no findings concerning the lodestar calculation and approves Class Counsel's request for a fee award of 25%.  The requests for fees, expenses, and a case contribution award are granted.

21.    Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement Agreement in all respects including, without limitation, the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Class Action, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best

interests of Plaintiff, the Class, and the Plan. The Parties are directed to implement, perform, and consummate the Settlement Agreement in accordance with the terms and provisions of the Agreement.

22.    The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member pursuant to the Plan of Allocation.

23.    Within 21 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

24.    **Dismissal of Claims:** As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the Claims against Defendants are dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

25.    **Binding Effect:** The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be forever binding on Defendants, the released settling parties, Plaintiff, and all Class Members, as well as their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, and as described in the Settlement Agreement.

26.    **CAFA:** Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., a separate notice of the Settlement Agreement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., have been met, and Defendants have fulfilled their obligations under CAFA.

27.    **Releases:** The releases of the Released Claims, as set forth in the Settlement Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment.

28.    **No Admissions:** This Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be agreed-upon by the Parties or approved by the Court) and any other supporting papers, and any related negotiations or proceedings: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendants or Defendant Released Parties of wrongdoing or liability in the Class Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Class that their claims lack merit or that the relief requested in the Class Action is inappropriate, improper, or unavailable; and (e) shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.

29.    **Retention of Jurisdiction:** Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the

Settlement Fund; (c) applications for attorneys' fees, expenses, and case contribution award; and (d) the Class Members for all matters relating to the Class Action.

30.     **Modification of the Agreement:** Without further approval from the Court, Plaintiff and Defendants are authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Final Approval Order and Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement Agreement.

31.     **Termination:** If the Settlement does not go into effect or is terminated as provided for in the Settlement Agreement, then this Final Approval Order and Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Agreement.

32.     **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order and Judgment as a final judgment with respect to the claims asserted in the Class Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Approval Order and Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b) as against Defendants.

**SO ORDERED** this 24th day of May, 2024.

_____
The Honorable Dale Fischer
United States District Judge

8